IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM I. MURSE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3829 |
| | : | |
| MARY L. MURSE, | : | |
|     Defendant. | : | |

MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                                                  **JANUARY  4, 2024**

    Plaintiff Adam I. Murse filed this *pro se* civil action against Mary L. Murse (hereinafter "his mother" or "Defendant"), asserting, *inter alia*, that she has violated several "federal and constitutional laws" and has forced him to provide caregiving services to his father without compensation.  (Compl. (ECF No. 2) at 2-3).[1]  Murse seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Murse leave to proceed *in forma pauperis* and dismiss his Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.     FACTUAL ALLEGATIONS

    Murse's Complaint is lengthy and repetitive,[2] but in short, his claims appear to arise from allegations that the Defendant, who is identified in the Complaint as his mother (Compl. at 50,

---

[1] The Court adopts the continuous pagination assigned to the Complaint by the CM/ECF system.

[2] Murse's Complaint consists of 110 pages, and he has attached more than 2,400 pages of exhibits to his Complaint.  *See* ECF Nos. 2, 2-2, 2-3.  The Court will not speculate as to any claims Murse may seek to raise based solely on the exhibits and that are not asserted in his Complaint.  Indeed, a plaintiff may not state a claim by relying solely on exhibits.  *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.  Judges are not like pigs, hunting for truffles buried in the record.") (citations and quotations omitted); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider

¶ 320), forced him "into a caregiving position against his will." (*Id.* at 2.) Murse avers that on January 31, 2015, his mother "neglected [her] care dependent spouse," and since that date, Murse has been required to provide caregiving services to him without payment "for the service and work provided." (*Id.* at 3.) Charles R. Murse, Jr. is identified in the Complaint as the "care dependent spouse," and it appears from the allegations that he is Murse's father. (*See id.* at 55, ¶ 345, ECF No. 2-2 at 1395.)

Murse asserts several claims against his mother, all of which appear to stem from his allegations that she abandoned his father in 2015. (Compl. at 30-31, 40, 55, 60, 76, 81, 83.) More specifically, Murse alleges, *inter alia*, that his mother has violated the Fair Labor Standards Act (*id.* at 2-10, 100); forced him into involuntary servitude in violation of the Thirteenth Amendment (*id.* at 11-13, 22, 28-29, 100); violated his constitutional right to work and forced him out of his intended career in violation of the First, Fifth, Ninth, and Fourteenth Amendments (*id.* at 30-34, 101); committed a pattern of attempted extortion and embezzlement of social security disability benefits as well as attempted murder in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (*id.* at 34-40, 101); conspired to steal trade secrets and his unpublished musical compositions by attempting to enter his residence on January 31, 2016 (*id.* at 40-43, 101); committed real estate investment, wire, and mail fraud without compensating him in violation of the Ninth and Fourteenth Amendments (*id.* at 43-46, 102); deprived him of his due process rights to have children in violation of the Fifth, Ninth, and Fourteenth Amendments (*id.* at 46-51, 102); violated his due process rights by

---

exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

refusing to join him as a defendant to divorce proceedings in the Lancaster County Court of Common Pleas in violation of the First, Fifth, Ninth, Thirteenth, and Fourteenth Amendments (*id.* at 51-55, 59, 61-67, 69, 96, 102-03); portrayed him in a false light by stating that his only purpose was to harass her and abuse the judicial system (*id.* at 74-75, 103); invaded his privacy and solitude by sending her attorney to his residence as a "hired assailant" (*id.* at 76-83, 103); and forced him to pay for all medical supplies and upgrades to the property in order to care for her care dependent spouse, *i.e.*, his father, thereby stealing his "time, money, and labor" in violation of the Fourteenth Amendment (*id.* at 83-100, 103). Murse further avers that his mother has violated several federal criminal statutes as well as 18 U.S.C. §§ 241 and 242. (*Id.* at 100-03.) Murse seeks billions of dollars in monetary damages, a transfer of real estate, and an investigation for "all criminal actions shown in [the] complaint." (*Id.* at 104-07.)

## II.   STANDARD OF REVIEW

The Court will grant Murse leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged to rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Murse is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Although the Court must take the Complaint's factual allegations as true, it must also "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere

conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. DISCUSSION

Murse indicates that he brings this case pursuant to the Court's federal question jurisdiction, asserting that several of his constitutional rights have been violated.[3] (Compl. at 1.) Murse's Complaint, however, even when liberally construed, is frivolous and fails to state a legal basis for any claim within the Court's jurisdiction.[4]

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — *i.e.,* whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and

---

[3] Murse specifically avers that "[a]ll counts" within his Complaint arise under the Court's federal question jurisdiction, 28 U.S.C. § 1331, because his allegations are "based on violations of federal and constitutional laws." (Compl. at 1.)

[4] Even if the Complaint could be liberally construed to raise claims under state law, there is no independent basis for jurisdiction over those claims. (*See* Compl. at 2 (indicating that the parties are residents of Pennsylvania).)

(3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).  Pursuant to § 1983, action under color of state law requires that the one liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).  However, "purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

Murse cannot maintain federal constitutional claims against his mother because she is not a state actor for purposes of § 1983.  *See, e.g., Hepfl v. Boot*, No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) on the basis that she was a private individual and not a state actor); *Massey v. Crady,* 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous).  Accordingly, any federal constitutional claims asserted against the Defendant must be dismissed with prejudice.

Murse also appears to assert that his mother has violated the Fair Labor Standards Act ("FLSA") by "forcing him into a caregiving position against his will" and by refusing to compensate him for the caregiving services he has performed for his father. (Compl. at 2, 6-7, 9.)  He avers that he "has worked **24/7** and has had no payment" from his mother "for the service and work provided," even though she "is legally responsible for covering the expense of the care relating to the care dependent spouse." (*Id.* at 3.) (bolded emphasis is original).  Murse further alleges that because his mother "is legally responsible," she is "by technicality" the "employer/hiring party for the caregiving to her spouse." (*Id.*)

The "first inquiry in most FLSA cases is whether the plaintiff has alleged an actionable employer-employee relationship." *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014).  The FLSA defines an employer as: "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d).  To determine whether a defendant is a covered employer under the Act, the United States Court of Appeals for the Third Circuit has adopted an "economic realities" test, which requires analysis of whether the purported employer has "(1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like." *Acosta v. Cent. Laundry, Inc.*, No. 18-190, 2019 WL 3413514, at *3 (E.D. Pa. July 29, 2019) (citing *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012)).

There are no allegations in the Complaint that Murse's mother hired Murse to be a caregiver for his father, nor are there allegations that Murse's mother had the authority to fire him, supervise or control his work schedule, promulgate work rules or assignments, or discipline

him.  To the contrary, Murse admits that there is no contract in existence between his mother and himself with respect to the care of his father.  (Compl. at 4.)  Having reviewed all of the allegations of the Complaint, the Court concludes that there is simply no employment relationship that exists between Murse and his mother.  Rather, the economic reality of the situation appears to be that Murse took it upon himself to care for his father when his mother left him in 2015.[5]  (Compl. at 2, 11, 30-31, 47, 67, 69, 76.)

Murse also repeatedly cites several federal criminal statutes, including 18 U.S.C. §§ 241 and 242.  (Compl. at 9, 16, 29, 39, 40, 41, 45, 80, 81, 100-103.)  These particular sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights.  However, a plaintiff cannot bring criminal charges against a defendant through a private lawsuit, and these sections do not give rise to a civil cause of action.  *See Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001) (stating that civil claims brought under §§ 241 and 242 are "unmeritorious because those statutes do not create a civil cause of action enforceable by the Plaintiff"); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (same, citing *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975)); *see also United States v. Philadelphia*, 644 F.2d 187, 201 (3d Cir. 1980) (holding that neither these sections, nor the Fourteenth Amendment itself "create in the government a right to maintain this action" for a civil injunction remedy) (overruled on other grounds as recognized in *Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 160 (3d Cir. 2017)).  Accordingly, to the extent Murse seeks to assert claims pursuant to these statutes, his claims are dismissed.

---

[5] Murse asserts that his decision to "stay[] at the residence . . . to take care of [his father] due to the criminal desertion from [his mother] is considered honorable, and sacrificing."  (Compl. at 67.)

Also, criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (*per curiam*); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute.").

Similarly, any claims alleging criminal liability or a violation of a criminal statute as a basis for civil liability are dismissed with prejudice. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution.") (citations omitted). Murse cannot compel a criminal investigation by filing a complaint with this Court because the United States District Courts have no authority to order any law enforcement agencies or prosecutors to initiate investigations or prosecutions. *See Wagner v. United States Gov't*, No. 23-1626, 2023 WL 3948820, at *1 (D.D.C. June 9, 2023) (citing *Otero v. U.S.*

*Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  *Wagner*, 2023 WL 3948820, at *1 (quoting *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); *see also Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Murse leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows, which dismisses this case.

                                              **BY THE COURT:**

                                              **/s/ Jeffrey L. Schmehl**
                                              **JEFFREY L. SCHMEHL, J.**